IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE GENESIS MARINE, LLC, AS | § | |
| OWNER OF THE TOWING VESSEL | § | |
| GENESIS PATRIOT, FOR | § | CIVIL ACTION NO. 4:21-cv-02680 |
| EXONERATION FROM OR | § | (Admiralty) |
| LIMITATION OF LIABILITY | § | |

**CLAIMANT DONALD MENEFIELD'S**
**JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER FRCP 26(f)**
**FEDERAL RULES OF CIVIL PROCEDURES**

**1. State when the parties conferred as required by Rule 26(f) and identify the counsel who conferred.**

Counsel for Claimant Donald Menefield attempted to schedule a conference with counsel for Petitioner Genesis Marine, LLC via email on December 15, 2021, and followed up by telephone as well but was not successful.

Joseph D. Terry
L. Lee Thweatt
Terry & Thweatt, P.C.
114 Byrne Street
Houston, Texas 77009
***Attorneys for Claimant, Donald Menefield.***

**2. List the cases related to this one that are pending in any state or federal court with the case number and court.**

Cause No. 2021-19883; *Donald R. Menefield vs. Genesis Marine, LLC and Genesis Energy, LLC*; In the 270th Judicial District Court of Harris County, Texas

**3. <u>Briefly</u> describe what this case is about.**

Claimant Donald Menefield alleges he suffered injuries while working aboard Petitioner's vessel, the ATB GENESIS PATRIOT, after being ordered to lift numerous heavy bags of garbage without assistance or proper equipment and place them in a dumpster located on an adjacent barge.

**4. Specify the allegation of federal jurisdiction.**

Petitioner has alleged admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333, Rule 9(h) of the Federal Rules of Civil Procedure, Rule F of the Supplemental Rules for

Certain Admiralty and Maritime Claims & Asset Forfeiture Actions ("Supplemental Rules"), and 46 U.S.C. §§ 30501, et seq.

**5. Name the parties who disagree and the reasons.**

None.

**6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

None.

**7. List anticipated interventions.**

None.

**8. Describe class-action issues.**

None.

**9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

The parties have not made initial disclosures. Claimant Donald Menefield will make initial disclosures on or before January 21, 2022.

**10. Describe the proposed agreed discovery plan, including:**

**A. Responses to all the matters raised in Rule 26(f).**

Presently, Claimant Donald Menefield does not believe any changes should be made in the timing, form or requirement for disclosures under Fed.R.Civ.P. 26(a) or the Local Rules. Claimant shall make initial disclosures required by Fed.R.Civ.P. 26(a)(1) on or before January 21, 2022. Claimant presently believes that the subjects on which discovery may be needed include the nature and cause of the damages and injuries, the substance of any expert testimony and the measure of Plaintiff's damages. Claimant does not believe any changes should be made in the limitations on discovery imposed under these rules or by local rule, except as otherwise stated herein. Claimant presently does not believe the Court should enter any orders pursuant to Fed.R.Civ.P. 26(c), 16(b) and 16(c), other than a Scheduling Order.

**B. When and to whom the plaintiff anticipates it may send interrogatories.**

Unknown.

**C. When and to whom the defendant anticipates it may send interrogatories.**

Claimant anticipates sending interrogatories to Petitioner by January 24, 2022.

**D. Of whom and by when the plaintiff anticipates taking oral depositions.**

Unknown.

**E. Of whom and by when the defendant anticipates taking oral depositions.**

Claimant may depose the Petitioner's respective employees, officers, representatives, contractors, agents, surveyors and experts by March 7, 2022.

**F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

Unknown as to when Petitioner shall be able to designate experts and provide reports required under Rule 26(a)(2)(B).

Claimant shall be able to designate experts and provide reports required under Rule 26(a)(2)(B) by May 25, 2022.

**G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Unknown.

**H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Claimant shall be able to depose designated experts as required under Rule 26(a)(2)(B) by July 11, 2022.

**11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

Claimant is in agreement, unknown as to Petitioner.

**12. Specify the discovery beyond initial disclosures that has been undertaken to date.**

None.

**13. State the date the planned discovery can reasonably be completed.**

By July 11, 2022.

**14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

Claimant believes preliminary discovery needs to be conducted before the possibility of settlement can be discussed as Petitioner has disputed liability and damages.

**15. Describe what each party has done or agreed to do to bring about a prompt resolution.**

Claimant has previously forwarded Petitioner his medical bills and records, made multiple demands for maintenance and cure and has offered to be presented for deposition in the state court action.

**16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

Claimant believes mediation before a mediator proficient with maritime related personal injury cases may prove useful.

**17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

Claimant presently does not consent to trial before a magistrate judge.

**18. State whether a jury demand has been made and if it was made on time.**

A jury demand has not been made.

**19. Specify the number of hours it will take to present the evidence in this case.**

| | |
|---|---|
| Petitioner's Case: | Unknown |
| Claimant's Case: | 8 hours |

**20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

Claimant Donald R. Menefield's Motion to Dismiss Petitioner Genesis Marine, LLC's Complaint And Petition For Exoneration From or Limitation of Liability, Or In The Alternative, Motion to Dissolve Restraining Order; and

Claimant Donald R. Menefield's Motion to Require Petitioner to Post Bond or, Alternatively, To Deposit Limitation Funds in the Court Registry.

**21. List other motions pending.**

None.

**22. Indicate other matters peculiar to this case, including discovery that deserve the special attention of the court at the conference.**

None.

**23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.**

Petitioner filed its Certificate of Interested Parties on September 2, 2021.
Claimant filed his Certificate of Interested Parties on November 15, 2021.

**24. List the names, bar numbers, addresses and telephone numbers of all counsel.**

**Counsel for Petitioner:**
Evans Martin McLeod
LA Bar No.: 24846
Fed. ID No.: 411950
Justin C. Warner
LA Bar No.: 37349
Fed. ID No.: 3326606
Phelps Dunbar LLP
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: 504-566-1311
Facsimile: 504-568-9130

Stormy L. Strickland
TX Bar No.: 24117159
Fed. ID No.: 3565005
Phelps Dunbar LLP
910 Louisiana St., Suite 4300
Houston, Texas 77002
Telephone: 713-626-1386
Facsimile: 713-626-1388

**Counsel for Claimant:**
Joseph D. Terry
TX Bar No: 24013618
Fed. ID No.: 24206
L. Lee Thweatt
TX Bar No.: 24008160
Fed. ID No.: 36618
Terry & Thweatt, P.C.
114 Byrne Street
Houston, Texas 77009
Telephone: (713) 600-4710
Facsimile: (713) 600-4706

Respectfully submitted,

**TERRY & THWEATT, P.C.**

By: *<u>/s/ Joseph D. Terry</u>*

Joseph D. Terry
Attorney In Charge
Texas Bar No. 24013618
Federal I.D. No. 24206
jterry@terrythweatt.com
L. Lee Thweatt
Texas Bar No. 24008160
Federal I.D. No. 36618
lthweatt@terrythweatt.com
114 Byrne Street
Houston, Texas 77009
(713) 600-4710 Telephone
(713) 600-4706 Telecopier

**ATTORNEYS FOR DONALD R. MENEFIELD**

**CERTIFICATE OF SERVICE**

I certify that on this 28th day of December, 2021, a true and correct copy of the foregoing was forwarded to the following counsel by electronic service as follows:

Evans Martin McLeod
Justin C. Warner
Phelps Dunbar LLP
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534

Stormy L. Strickland
Phelps Dunbar LLP
910 Louisiana St., Suite 4300
Houston, Texas 77002

*/s/ Joseph D. Terry*
Of Terry & Thweatt, P.C.